## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUBBS DRED, INC. and DUBBS DRED II, INC.,** ) | *Electronically Filed* |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:23-CV-01659-MDJ** |
| ) | |
| **AUTO-OWNERS INSURANCE COMPANY** ) | |
| ) | |
| *Defendants.* ) | |

### AMENDED COMPLAINT

Plaintiffs, Dubbs Dred, Inc. and Dubbs Dred II, Inc., by and through its attorneys, Dillon McCandless King Coulter & Graham, LLP, files this Amended Complaint as a matter of course per Rule 15(a)(1)(B), and in support, states as follows:

### PARTIES

1. Plaintiff, Dubbs Dred, Inc. is a Pennsylvania Corporation operating a golf course with an address of 140 Aubrey Drive, Butler, PA 16001.

2. Plaintiff, Dubbs Dred II, Inc. (hereinafter referred to as **"Plaintiff"** or collectively with Dubbs Dred, Inc., **"Plaintiffs"**) is a Pennsylvania Corporation operating a clubhouse with an address of 140 Aubrey Drive, Butler, PA 16001.

3. Defendant, Auto-Owners Insurance Company (hereinafter **"Defendant"** or **"Auto-Owners" or "Insurance Company"**) is a property and casualty insurer incorporated under the laws of the state of Michigan, with a corporate headquarters located at 6101 Anacapri Boulevard, Lansing, MI 48917.

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship between Plaintiffs and the Defendants and the amount in controversy exceeds $75,000.00.

5. Venue is proper under 28 U.S.C. § 1391 because one or more of the Plaintiffs resides within the territory of the Pittsburgh Division of the Western District of Pennsylvania and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. On or about December 22, 2020, in consideration of the policy premiums paid to Defendant by Plaintiffs, Defendant issued Tailored Protection Policy No. 204637-68158433-20 (hereinafter "the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A," and all the terms are incorporated in this Amended Complaint as if fully set forth herein.

7. The Policy insures against damage to greens, tees and fairways, building damage, personal property damage, golf course outdoor property coverage, debris removal, trees, plants, and shrubs, business income, commercial general liability coverage, and liquor liability coverage, among other coverage afforded concerning Plaintiffs' golf course property located at 140 Aubrey Drive, Butler, Butler County, Pennsylvania 16046.

8. On or about October 21, 2021, a severe windstorm, including a tornado (hereinafter "the Storm"), caused direct physical loss of, or damage to, Plaintiffs' Property and caused other damage covered by the Policy. The Policy was in effect at the time of such storm.

9. On or about October 22, 2021, Plaintiffs promptly and timely notified Defendant of the damage to its Property as a result of the Storm and made claims pursuant to the Policy.

10. Thereafter, on or about October 25, 2021, a representative of the Insurance Company came on the property and examined the damage to the roof of the Club House. The representative did not inspect the roof other than from the ground and made the following comments: (1) that it should simply be "patched up," (2) there was no need to match the green shingles, saying "put anything up there, 'AO' is not responsible to match shingles" and (3) that the Plaintiffs should "wait until it leaks" to report it to insurance. The Insurance Company did not get on the roof and examine the extent of the actual damage at this time. Contrary to the Insurance Company's preliminary estimates of damage to the roof, nearly every shingle tab was broken.

11. The Club House roof leaked upon the first rain after the tornado. The Defendant informed Plaintiffs to file a new claim for the leaks. Plaintiffs obtained 6 quotes for the damaged Club House roof and the contractors would not guarantee the roof unless it was entirely replaced due the damaged shingle tabs that were dislodged from the tornado. The Insurance Company only offered One Thousand and Three Hundred dollars ($1,300) to repair the same. After four (4) months of waiting for the Defendant with no sufficient repair, Plaintiffs spent the necessary Sixty-Two Thousand dollars ($62,000.00) to repair the Clubhouse Roof.

12. Furthermore, the Insurance Company sent an "arborist" to assess the damage to 81 trees on the property five (5) months after the claim was made. The Defendant rejected Plaintiffs' offers to have a local "arborist" review the property to expedite the assessment. When the Defendant's expert did arrive five months later, the expert lacked credentials. The Plaintiffs did later receive Seventy-Five Thousand Dollars ($75,000.00) on this claim despite accruing Two Hundred and Two Thousand and Five Hundred Dollars ($202,500.00) in actual damages associated with the trees.

13. Furthermore, despite exceeding policy limits for greens and tees, paying for debris removal and damage to the cart path, the Insurance Company has refused to pay the amounts of actual

3

damage under the policy. Finally, the Insurance Company refused to even send an engineer to review damage to the Silo on the property to review it for damages. The total amount of damages exceeds Seventy-Five Thousand dollars ($75,000).

14. At all times relevant hereto, Plaintiffs made their representatives and their Property available to, and fully cooperated with, Defendant and its representatives and agents to inspect and investigate the damages caused by the Storm.

15. As a result of the Storm, Plaintiffs' Property sustained the following losses and/or casualties: damage to the roof of the Club House, including but not limited to the attached silo storage structure; damage to the Tea House and pavilion located on the Property; damage to the bridges, golf cart paths, and golf carts on the Property; loss of income; substantial debris; and damage to the golf course grounds, including but not limited to the greens, tees, and fairways. All of these damages were reported to the Defendant for coverage.

16. The Defendant has not denied coverage, and the exclusions provided under the policy are inapplicable.

17. Despite Plaintiffs' full compliance with the Policy, including the payment of all premiums associated with the same, Defendant failed to properly investigate the damages and failed to provide adequate compensation under the Policy.

18. To date, the Defendant has refused to compensate the Plaintiffs in the full amounts owed to the Plaintiffs under the policy despite no applicable exclusions.

## I.     COUNT I – BREACH OF CONTRACT

19. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. The Policy constitutes a valid and legally binding contract between Plaintiffs and Defendant.

21. The Storm occurred during the policy period of the Policy.

22. The Policy was supported by adequate consideration in the form of the premiums that Plaintiffs paid for their insurance coverage under the Policy.

23. Plaintiffs have performed all conditions necessary to require the Defendant to meet its obligation to perform under the Policy, including, without limitation, the timely payment of premiums, timely notice of the claims, and mitigation of the damage to the Property.

24. Under the terms of the Policy, Defendant is required to compensate Plaintiffs for damages covered by the policy, including physical harm to the Property, business losses, and other damages suffered as a result of the Storm.

25. Despite Plaintiffs' timely written demand that Defendant pay the covered losses, Defendant has baselessly failed and refused to adequately compensate Plaintiffs for their claims made pursuant to the Policy.

26. The Defendant has not asserted any valid exclusions for refusing payment owed under the Policy to date.

27. Defendant has failed to act in good faith and fair dealing under the terms of the Policy by refusing to adequately investigate and pay Plaintiffs' claims according to the terms of the Policy.

28. As a direct result of Defendant's breach of the policy, Plaintiffs have been damaged and continue to suffer significant damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant in an amount exceeding Seventy-Five Thousand Dollars ($75,000).

## **COUNT II – BAD FAITH UNDER 42 Pa. C.S. § 8371**

29. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30. The Policy constitutes a valid and legally binding contract between Plaintiffs and Defendant.

31. The Storm occurred during the policy period of the Policy.

32. The Policy was supported by adequate consideration in the form of the premiums that Plaintiffs paid for their insurance coverage under the Policy.

33. Plaintiffs have performed all conditions necessary to require the Defendant to meet its obligation to perform under the Policy, including, without limitation, the timely payment of premiums, timely notice of the claims, and mitigation of the damage to the Property.

34. Under the terms of the Policy, Defendant is required to compensate Plaintiffs for damages covered by the policy, including physical harm to the Property, business losses, and other damages suffered as a result of the Storm.

35. Despite Plaintiffs' timely written demand that Defendant pay the covered losses, Defendant has baselessly failed and refused to adequately compensate Plaintiffs for their claims made pursuant to the Policy.

36. The Defendant has not asserted any valid exclusions for refusing payment owed under the Policy to date.

37. Defendant has failed to act in good faith and fair dealing under the terms of the Policy by refusing to adequately investigate and pay Plaintiffs' claims according to the terms of the Policy.

38. As a direct result of Defendant's breach of the policy, Plaintiffs have been damaged and continue to suffer significant damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant in an amount exceeding Seventy-Five Thousand Dollars

($75,000), including but not limited to punitive damages, attorney's fees, court costs, and interest, together with such other relief that this Court deems appropriate.

Respectfully submitted,

Dated: October 19, 2023

>*/s/  Ronald T. Elliott*_____
>Ronald T. Elliott, Esquire
>PA I.D. 71567
>Joshua D. Brown
>PA. I.D. No. 315339
>
>**DILLON MCCANDLESS KING COULTER & GRAHAM L.L.P.**
>128 West Cunningham Street
>Butler, PA 16001
>724-283-2200
>relliot@dmkcg.com
>jbrown@dmkcg.com