IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUBBS DRED, INC., *et al.* : | |
| Plaintiffs, : | |
| : | CIVIL ACTION LAW |
| v. : | |
| : | No.: 2:23-cv-01659-MJH |
| AUTO-OWNERS INSURANCE : | |
| COMPANY : | |
| Defendant. : | |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Auto-Owners Insurance Company (hereinafter referred to as "Auto-Owners") hereby submits its Memorandum of Law in Support of its Motion to Dismiss Count II of plaintiffs' Amended Complaint because plaintiffs have, again, failed to meet the federal pleading standards for asserting a colorable bad faith claim against their insurance company.

                                               **STICKLEY LAW, LLC**

                               By: *Robert S. Stickley*

                                     Robert S. Stickley
                                     Attorneys for Defendant,
                                     Auto-Owners Insurance Company
                                     Identification No. 80849
                                     90 S. Newtown Street Rd., Suite 11
                                     Newtown Square, PA 19073
                                     T: 484.420.4184
Dated: October 24, 2023            rstickley@stickley.law

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................Error! Bookmark not defined.

II. FACTUAL BACKGROUND ........................................................................................ 1

III. ARGUMENT .................................................................................................................. 3

   A. Standard Of Review.................................................................................................. 3

   B. Plaintiffs' Bad Faith Claim In Count II Fails To Meet The Federal Pleading Standards And Should Be Dismissed ........................................................................................................ 4

IV. CONCLUSION ................................................................Error! Bookmark not defined.

## I.     INTRODUCTION

This matter involves a first-party commercial property dispute between plaintiffs and their insurance company, Auto-Owners. With first-party commercial property disputes, it is not uncommon for individual insureds to demand more money than they are entitled to. It is well-established under Pennsylvania law, however, that a reasonable disagreement over how much money an insured is entitled to does not constitute bad faith.

Federal district courts, including this Honorable Court, have consistently dismissed bad faith claims where plaintiffs, in their complaint, included only conclusory statements, alleging general conduct and generic, non-specific references to bad faith, without enumerating any specific conduct other than a disagreement over the value or amount of the claim. Here, at the heart of Count II of plaintiffs' Amended Complaint, plaintiffs allege a mere disagreement with Auto-Owners over the value or amount of their claim. In other words, plaintiffs fail to allege enough, and sufficient, bad faith conduct by Auto-Owners. Consequently, this Honorable Court should dismiss Count II with prejudice.

## II.    FACTUAL BACKGROUND & RELEVANT PROCEDURAL HISTORY

On December 22, 2020, Auto-Owners issued plaintiffs a Tailored Protection Policy No. 204637-68158433-20. *See* plaintiffs' Amended Complaint, at ¶ 6, attached as Exhibit A. The Policy covered plaintiffs' golf course property at 140 Aubrey Dr, Butler, Butler County, Pennsylvania 16046. Ex. A, at ¶ 7. On October 21, 2021, a windstorm event caused physical loss of, or damage to, plaintiffs' golf course property. Ex. A, at ¶ 8. The next day, plaintiffs notified Auto-Owners of the damage. Ex. A, at ¶ 9. Plaintiffs allege that they sustained damage to the roof of the Club House; damage to the Tea House and pavilion; damage to the bridges, golf cart paths,

and golf carts; loss of income; substantial debris; and damage to the golf course grounds. Ex. A, at ¶ 15.

On or about September 16, 2023, plaintiffs filed their original complaint, alleging that Auto-Owners failed to properly investigate the damages; failed to provide adequate compensation under the Policy; and refused to compensate plaintiffs in the full amounts owed under the Policy. Ex. A, at ¶¶ 17-18. Plaintiffs' complaint alleged two Counts: (I) Breach of Contract; and (II) Bad Faith Under 42 Pa. C.S. § 8371. Auto-Owners filed a timely motion to dismiss plaintiffs' bad faith claims, pursuant to Fed. R. Civ. P. Rule 12(b)(6), arguing that the boilerplate allegations in the original complaint failed to meet the pleading requirements under relevant precedent.

Rather than respond to the motion, on October 19, 2023, plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint repeats many of the boilerplate allegations of their original complaint, and adds just four new paragraphs in an attempt to overcome the pleading deficiencies in their bad faith claim. Ex. A, ¶¶10-13. In these four new paragraphs, plaintiffs allege that:

    a. Within days of their reported incident, an Auto-Owners claims representative "came on the property and examined the damage to the roof of the Club House." Ex. A, ¶10.

    b. The claims representative inspected the roof from the ground and made several comments, including, that the roof could be patched, that Auto-Owners was not responsible for matching shingles, and that plaintiffs should wait to report the damage until the roof leaks. Ex. A, ¶10.

    c. "[C]ontrary to the Insurance Company's preliminary estimates of damage to the roof, nearly every shingle tab was broken." Ex. A, ¶10 (emphasis added).

    d. After the roof leaked, plaintiffs obtained six repair estimates from contractors who would not guarantee their work unless it involved a complete roof replacement. Ex. A, ¶11.

    e. Auto-Owners offered $1,300.00 to repair the roof, but plaintiffs chose instead to replace the entire roof at a cost of $62,000.00. Ex. A, ¶11.

    f. Auto-Owners declined plaintiffs' offer to have a local arborist help "expedite the assessment" of damage to the trees on the property, and instead used someone who plaintiffs allege lacked credentials. Ex. A, ¶12.

    g. Auto-Owners nevertheless paid plaintiffs $75,000.00 for the lost trees, but that plaintiffs incurred $202,500.00 in alleged losses. Ex. A, ¶12.

    h. And, Auto-Owners failed to adequately compensate them for alleged damages to the greens and tees, debris removal, damage to the cart path, and damages to a silo that plaintiffs contend exceed $75,000.00. Ex. A, ¶13.

The remainder of the allegations rely on boilerplate language.

### III. ARGUMENT

#### A. Standard Of Review

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a Complaint under Federal Rule of Civil Procedure 8(a)(2). Although Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim[,] showing that the pleader is entitled to relief," a plaintiff is nonetheless required to provide "more than labels and conclusions [because] a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a cause of action should be dismissed under Federal Rule of Civil Procedure 12(b)(6), courts determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 679). As noted above, a claim is "plausible" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Consequently, a Complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211. Courts should not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Iqbal*, 556 U.S. at 678. Moreover, courts should not accept as true "unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted). Further, courts should not accept a plaintiff's general and "bald assertions" or "legal conclusions" when deciding a Motion to Dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (citations omitted).

    B. **Plaintiffs' Bad Faith Claim In Count II Fails To Meet The Federal Pleading Standards And Should Be Dismissed**

Pennsylvania's statute for bad faith states, in pertinent part:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) [a]ward interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%; (2) [a]ward punitive damages against the insurer; (3) [a]ssess court costs and attorney fees against the insurer."

42 Pa. Cons. Stat. § 8371.

4

Pennsylvania federal and state courts have both defined "bad faith" in the realm of insurance law as "[a] frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To recover on a bad faith claim, a plaintiff is required to show, *by clear and convincing evidence*, (1) that the defendant insurance company did not have a reasonable basis for denying the policy benefits; and (2) that the defendant insurance company knew, or recklessly disregarded, its lack of reasonable basis when it denied the claim. *Keefe*, 203 F.3d at 225 (emphases added). When assessing whether a plaintiff meets the pleading standard of the aforementioned "*Keefe* Test," courts undertake a "careful review of the wording of the allegations in the Complaint." *Bick v. State Farm Fire & Cas.*, No. 2:19-cv-00821-CRE, 2019 U.S. Dist. LEXIS 222775, at *8 (W.D. Pa. Dec. 31, 2019).

When a plaintiff just states boilerplate legal conclusions, such as "failed to pay . . . ; failed to objectively and fairly evaluate the [c]laim; unreasonably withheld [p]olicy benefits; acted unreasonably and unfairly; and denied the [c]laim without justification or good faith basis to deny the [c]laim," the plaintiff fails to sufficiently state a bad faith claim with the requisite specificity under Federal Rule of Civile Procedure 12(b)(6). *Id.* Even if a plaintiff alleges that its insurance company "failed to investigate" a claim or "failed to make reasonable offers," that is still insufficient. *Id.* After all, the alleged failure of an insurance company to "immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133,137 (3d Cir. 2012); *see also Nw. Mut. Life Ins. Co. v. Babayan*, 430 F. 3d 121, 138 n.22 (3d Cir. 2005) (holding that neither a denial of a claim nor a low estimate of loss, alone, constitutes bad faith).

5

Complaints with boilerplate legal conclusions have been routinely dismissed by courts in the Third Circuit because they are not accompanied by any "factual allegations sufficient to raise the claims to a level of plausibility required to survive a [Federal Rule of Civil Procedure] 12(b)(6) [M]otion to [D]ismiss." *Camp v. N.J. Mfrs. Ins. Co.*, CIVIL ACTION NO. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *11-12 (E.D. Pa. June 8, 2016) (dismissing a plaintiff's bad faith claim because it contained only "conclusory statements[,] alleging general conduct" and "a generic[,] non-specific reference to bad faith without enumerating any specific conduct of the defendant other than a disagreement over the value or amount of the claim"); *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-007, 2015 U.S. Dist. LEXIS 69318, at *3-4 (E.D. Pa. May 28, 2015) (stating that, while the plaintiff's allegations "perhaps suggest[ed] that a bad faith claim [was] *possible*, they d[id] not allow for any non-speculative inference that a finding of bad faith [was] *plausible*," as required by the pleading standard[s] set forth in *Twombly* and *Iqbal*").

This Honorable Court, specifically, has a strong track record of upholding the pleading standards set forth in *Twombly* and *Iqbal* and recognizing that a mere disagreement over the value or amount of a claim, with no specific references to bad faith conduct, is not enough to assert a colorable bad faith claim against an insurance company. *See Merrill v. State Farm Fire & Cas. Co.*, Civil Action No. 12-1328, 2013 U.S. Dist. LEXIS 19660 (W.D. Pa. Feb. 13, 2013) (finding general allegations that an insurance company engaged in unreasonable bad faith practices by failing to investigate the claim; engaging in unreasonable claims handling practices; and unreasonably refusing to pay the claim were insufficient to maintain a claim for bad faith under federal pleading standards); *Mondron v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 16-412, 2016 U.S. Dist. LEXIS 176404 (W.D. Pa. Dec. 21, 2016) (reasoning that the plaintiff's generic invocation of statutory language was insufficient to satisfy its federal pleading burden because

there were no facts in the Complaint that described who, what, where, when, and how the alleged bad faith conduct occurred); *Timothy v. State Farm Fire & Cas. Co.*, 02:12-cv-732, 2012 U.S. Dist. LEXIS 119698 (W.D. Pa. Aug. 23, 2012) (finding that the plaintiff's bad faith claim, supported almost exclusively with conclusory allegations and boilerplate language, was insufficient to survive the defendant's Motion to Dismiss). Here, after undertaking a careful review of the wording of the allegations in plaintiffs' Amended Complaint, it becomes obvious that plaintiffs failed to show, by clear and convincing evidence, (1) that Auto-Owners did not have a reasonable basis for denying the policy benefits; and (2) that Auto-Owners knew, or recklessly disregarded, its lack of reasonable basis when it denied the claim.

The Amended Complaint's four new paragraphs fail to meet the requisite pleading standard. In those paragraphs, plaintiffs allege nothing more than disagreements between their valuation of the damages as opposed to the valuation provided by Auto-Owners. Plaintiffs note that Auto-Owners sent its claims adjuster to the property soon after they filed the claim. Ex. A, ¶10. Plaintiffs highlight the disagreement between Auto-Owners' evaluation of the need to repair as opposed to replace the roof on the clubhouse. Ex. A, ¶¶10-11. Plaintiffs also allege a disagreement between their arborist's estimate and Auto-Owners' evaluation of the damage to the trees, while conceding that Auto-Owners already paid $75,000.00 to the plaintiffs for damage to the trees. Ex. A, ¶12. Finally, plaintiffs allege a disagreement in the valuation of alleged damage to the club's greens and tees, cart path, and silo. Ex. A, ¶13.

Under Pennsylvania law, mere allegations of disagreements over the value of plaintiffs' claims, such as those alleged in the Amended Complaint, are insufficient to state a claim of bad faith. *Rowe v. Nationwide Ins. Co.*, 6 F. Supp. 3d 621, 629 (W.D. Pa. 2014). "… [C]ourts applying Pennsylvania law routinely find that a disagreement between the insurer and the insured as to the

7

value of a claim is not alone sufficient to plead a plausible bad faith claim." *Clarke v. Liberty Mut. Ins. Co.*, No. 3:18-CV-1925, 2019 WL 1255184, at *5 (M.D. Pa. Mar. 19, 2019).

The rest of plaintiffs' Amended Complaint contains little more than boilerplate legal conclusions. For example, plaintiffs allege:

- "Defendant has failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and pay [p]laintiffs' claims . . . ." Ex. A, at ¶¶ 27, 37.
- "… Defendant has baselessly failed and refused to adequately compensate [p]laintiffs for their claims...." Ex. A, at ¶ 35.

The aforementioned boilerplate allegations are insufficient to assert a colorable bad faith claim against Auto-Owners, according to the United States Supreme Court in *Twombly* and *Iqbal* and this Honorable Court in *Merrill*, *Mondron*, and *Timothy*. All plaintiffs are doing in their Complaint is reciting statutory language.  Plaintiffs do not cite to any meaningful facts supporting a claim for bad faith. Plaintiffs have left Auto-Owners and this Honorable Court to wonder:

- *how*, precisely, did it fail to properly investigate the damages?
- *how*, precisely, did it fail to provide adequate compensation under the policy?

Plaintiffs cannot simply allege that they are entitled to relief; they must also allege specific facts that show their entitlement. The aforementioned allegations, at their heart, are about a mere disagreement between plaintiffs and Auto-Owners over the value or amount of plaintiffs' claim. The only factual allegation in support of plaintiffs' bad faith claim is that Auto-Owners failed to pay plaintiffs what they wanted. Auto-Owners' reasonable disagreement about that sum, and its allegedly low estimate of loss, alone, do not constitute bad faith.  *See Babayan*, 430 F. 3d at 138 n.22.

### IV.     CONCLUSION

Even with the four additional paragraphs of new allegations, plaintiffs are alleging a mere disagreement with Auto-Owners over the value or amount of their claim. Under Pennsylvania law, a mere disagreement over the value or amount of the claim, with no specific references to bad faith conduct, does not meet the federal pleading standards for asserting a colorable bad faith claim against an insurance company. In other words, here, plaintiffs failed to allege enough, and sufficient, bad faith conduct by Auto-Owners. Not only that, but Count II of plaintiffs' Complaint relies only on legal conclusions to establish what Auto-Owners did, or did not do.

Plaintiffs' deliberate omission of specific references to bad faith conduct, save for the mere existence of a disagreement over the value or amount of the claim, reveals a fundamental deficiency in their Complaint and failure to adhere to the precedents of the United States Supreme Court in *Twombly* and *Iqbal* and this Honorable Court in *Merrill, Mondron*, and *Timothy*.

Plaintiffs have taken their second bite at the apple and have again failed to muster sufficient facts to meet the requirements of pleadings bad faith. Consequently, this Honorable Court should dismiss Count II with prejudice.

**Respectfully Submitted,**

**STICKLEY LAW, LLC**

By: *Robert S. Stickley*

Robert S. Stickley
Attorneys for Defendant,
Auto-Owners Insurance Company
Identification No. 80849
90 S. Newtown Street Rd., Suite 11
Newtown Square, PA 19073
T: 484.420.4184
rstickley@stickley.law

Dated: 10/24/2023