**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DUBBS DRED, INC. and DUBBS DRED II, INC.,** ) | *Electronically Filed* |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:23-CV-01659-MJH** |
| ) | |
| ) | **Honorable Marilyn J. Horan** |
| ) | |
| **AUTO-OWNERS INSURANCE COMPANY** ) | |
| ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Dubbs Dred, Inc. and Dubbs Dred II, Inc., by and through its attorneys, Dillon McCandless King Coulter & Graham, LLP, files this Response to Defendant's Motion to Dismiss:

1. Admitted as stated in greater detail within the Plaintiffs' Amended Complaint.

2. Admitted as stated in greater detail within the Plaintiffs' Amended Complaint.

3. Admitted as stated in greater detail within the Plaintiffs' Amended Complaint.

4. Admitted as stated in greater detail within the Plaintiffs' Amended Complaint.

5. Admitted in part. The totality of damages asserted are contained with the Plaintiffs' Amended Complaint.

6. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

1

7. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

8. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

9. Admitted.

10. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

11. To the extent the averments in this paragraph and subparagraphs refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

12. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

13. The averments in Paragraph 13 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

14. The averments in Paragraph 14 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

15. The averments in Paragraph 15 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

16. The averments in Paragraph 16 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

17. The averments in Paragraph 17 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

18. The averments in Paragraph 18 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

19. The averments in Paragraph 19 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

20. The averments in Paragraph 20 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

21. The averments in Paragraph 21 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

22. The averments in Paragraph 22 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

23. The averments in Paragraph 23 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

24. The averments in Paragraph 24 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

25. The averments in Paragraph 25 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

26. The averments in Paragraph 26 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

27. The averments in Paragraph 27 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

28. The averments in Paragraph 28 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

29. The averments in Paragraph 29 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

30. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

31. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

32. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

33. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

34. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

35. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

36. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

37. The averments in Paragraph 37 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

38. The averments in Paragraph 38 of Defendant's Motion to Dismiss state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

39. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

40. To the extent the averments in this paragraph refer to a written document, the document speaks for itself and is its own best evidence of the contents, and any attempts to characterize or interpret the document is denied.

41. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

42. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

43. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

44. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

45. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

46. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

47. Denied. Plaintiffs have asserted more than sufficient factual averments to support its claim for Bad Faith, as further stated within the Plaintiffs' Amended Complaint and Brief in Support of this Response.

[SIGANTURE ON FOLLOWING PAGE]

8

WHEREFORE, Plaintiffs, Dubbs Dred, Inc. and Dubbs Dred II, Inc., respectfully request that this Honorable Court deny Defendant's Motion to Dismiss

Respectfully submitted,

Dated:  November 14, 2023

*/s/   Joshua D. Brown*_____
Joshua D. Brown
PA. I.D. No. 315339
Ronald T. Elliott, Esquire
PA I.D. 71567

**DILLON MCCANDLESS KING COULTER & GRAHAM L.L.P.**
128 West Cunningham Street
Butler, PA 16001
724-283-2200
jbrown@dmkcg.com
relliott@dmkcg.com

**JURY TRIAL DEMANDED**