RIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUBBS DRED, INC., *et al.* : | |
| Plaintiffs, : | |
| : | CIVIL ACTION LAW |
| v. : | |
| : | No.: 2:23-cv-01659-MJH |
| AUTO-OWNERS INSURANCE : | |
| COMPANY : | |
| Defendant. : | |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Auto-Owners Insurance Company (hereinafter referred to as "Auto-Owners") submitted a Memorandum of Law in Support of its Motion to Dismiss Count II of Plaintiffs' Amended Complaint based on Plaintiffs' failure to meet the federal pleading standards for asserting a colorable bad faith claim against their insurance company, Auto-Owners.  In response, Plaintiffs filed a Brief in Opposition claiming that the allegations in their amended complaint allege facts to support a bad faith claim for "unreasonable investigation" and a "lowball settlement offer."  Your Honor addressed both such arguments several months ago in Childs v. Progressive Preferred Ins. Co., 2023 WL 4053075 (W.D. Pa. June 15, 2023) and in Sypherd Enterprises, Inc. v. Auto-Owners Ins. Co., 420 F.Supp.3d 372 (W.D. 2019) and found in both instances, based on allegations similar to those here, Plaintiff had not established a claim of bad faith.  For the same reasons, Plaintiffs' allegations of bad faith in Count II in their amended complaint should be dismissed with prejudice.

A. Plaintiffs' Claims Of Failure to Investigate Are Insufficient
   To Support A Bad Faith Claim

Plaintiffs, who own a golf course in Butler County, claim that Auto-Owners engaged in a bad faith investigation of the roof on Plaintiffs' club house because they inspected it from the ground and refused to pay for a replacement of the entire roof as requested by Plaintiffs. See Plaintiffs' Brief in Opposition, at p. 4. Plaintiffs also allege that Auto-Owners' investigation was deficient because it hired its own arborist, instead of hiring a local arborist, to assess damage to trees on the property and that the local arborist hired by Plaintiff determined that the amount of damage was much higher than the exorbitant amount Plaintiffs paid. Id.

Your Honor observed in Childs that "[w]here a plaintiff asserts a bad faith claim based upon a failure to investigate, '[a] plaintiff [...] must show that the outcome of the case would have been different if the insurer had done what the insured wanted done.'" Childs, 2023 WL 4053075 at *4 (quoting Blaylock v. Allstate Ins. Co., 2008 WL 80056, *13 (M.D. Pa. Jan. 7, 2008) (citing Zappile v. AMEX Assurance Co., 928 A.2d 251, 262 (Pa. Super. 2007)). Significantly, Your Honor also pointed out that when assessing allegations of bad faith conduct, "[c]ourts have routinely found that it is reasonable for an insurance company to rely on expert opinion in its investigation into claims and accidents." Childs, 2023 WL 4053075 at *4 (quoting Walter v. Travelers Pers. Ins. Co., No. 4:12-CV-346, 2016 WL 6962620, at *7 (M.D. Pa. Nov. 29, 2016)).

The allegations in Plaintiffs' amended complaint fail to meet these requirements. First, with regard to the roof, Plaintiffs allege that they replaced the entire roof because their contractor would not guarantee its work unless the entire roof was replaced. There are no allegations whatsoever that Plaintiffs' contractor concluded that the scope of the damage was any different than what Auto-Owners had concluded. Rather, Plaintiff merely alleges that its contractor would not

guarantee its repair work unless the entire roof was replaced. This is not evidence of bad faith investigation under the standard set forth by Your Honor in Childs.

Second, with regard to the trees, Plaintiffs acknowledge that Auto-Owners relied upon its own expert to investigate Plaintiffs' alleged damages and make a determination as to the extent and value of those damages. The allegation that Plaintiffs spent $202,500 for trees, and that this was higher than the amount determined by the arborist hired by Auto-Owners, is not bad faith. Auto-Owners is entitled to rely upon the conclusions rendered by its expert. To hold otherwise would be to basically find that every insurer whose expert values a property damage claim for something less than that determined by the insured is bad faith. Such an absurd result should be avoided by this Court.

Notably, in a case similar to that here, Your Honor found that Auto-Owners had not acted in bad faith and dismissed Plaintiff's bad faith claim. Sypherd Enterprises, Inc. v. Auto-Owners Ins. Co., 420 F.Supp.3d 372 (W.D. 2019). In Sypherd, Plaintiff alleged that Auto-Owners acted in bad faith because it performed an inadequate investigation into Sypherd's water damage claim. Specifically:

> Sypherd contends that Auto-Owners failed to conduct a reasonable investigation because Dave Barr, who determined that the water entering the premises was ground water, conducted only a "brief" investigation. Sypherd contends that Mr. Barr never spoke to Mr. Sypherd and that Mr. Barr did not inspect the basement. Had Mr. Barr inspected more of the premises, Sypherd alleges that he would have discovered clogged drains and water coming through pipes. Therefore, Sypherd argues these facts would have led Auto-Owners to conclude that the water damage was covered under the policy.

Id. at 381.

Your Honor found that such allegations did not establish bad faith because additional investigation would not have changed the outcome of Auto-Owner's decision on Plaintiff's claim. Id. Similarly, in the present case, there is no support in Plaintiffs' amended complaint that any additional

3

investigation by Auto-Owners would have yielded a different result. Auto-Owners is not responsible to pay for an entire roof replacement simply because Plaintiffs' contractor will not warranty a spot repair. Additionally, the alleged difference between Auto-Owners expert's valuation of the damages to the trees as compared to the exorbitant amount Plaintiffs' spent on landscaping is not bad faith under the standards recognized by Your Honor in Childs and Sypherd.

B. Plaintiffs' Allegations Of A "Low Ball" Offer Do Not Support A Bad Faith Claim

With regard to Plaintiffs' claim that Auto-Owners made a "low ball" settlement offer, Your Honor has recognized that "[g]enerally, Pennsylvania law does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses." Childs, 2023 WL 4053075 at *4 (quoting Seto v. State Farm Ins. Co., 855 F. Supp. 2d 424, 430 (W.D. Pa. 2012) (citing Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). However, "low-ball offers which bear no reasonable relationship to an insured's actual losses can constitute bad faith within the meaning of § 8371." Id.

There are no allegations in Plaintiffs' amended complaint that demonstrate that Auto-Owners made an unreasonably low offer that bears no relationship to Plaintiffs' actual losses. Plaintiff alleges that Auto-Owners' offer of $1,300 was unreasonably low because it cost Plaintiffs $62,000 to replace the entire roof. But there are no allegations that the entire roof was replaced due to extensive damage beyond that observed by Auto-Owners, only that Plaintiffs chose to replace the entire roof because its contractor would not warranty spot repairs. This is not bad faith. Similarly, Plaintiffs' allegation that Auto-Owners' offer of $75,000 was a "low ball" offer when compared to the amount Plaintiffs spent on trees and landscaping does not support a bad faith claim. As recognized by Your Honor in Childs, Auto-Owners reliance on its expert is not bad faith.

For the reasons stated above, and detailed further in Auto-Owners Motion to Dismiss, Auto-Owners respectfully requests that this Honorable Court dismiss Plaintiffs' claim of bad faith in Count II of its amended complaint with prejudice.

**Respectfully Submitted,**

**STICKLEY LAW, LLC**

By: *Robert S. Stickley*

Robert S. Stickley
Attorneys for Defendant,
Auto-Owners Insurance Company
Identification No. 80849
90 S. Newtown Street Rd., Suite 11
Newtown Square, PA 19073
T: 484.420.4184
rstickley@stickley.law

Dated: 11/20/2023